IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

JEFF HEFNER,                                          CASE NO.: 05-2017-CA-038748

      Plaintiff,

vs.

JOHN MacDONALD; ROBERT
McBRIDE; and ISLAND COASTAL
CHARTERS, LLC,

      Defendants.

_____/

**ORDER ON MOTION TO ENFORCE JUDGMENT AND INJUNCTION OR SHOW
CAUSE WHY PLAINTIFF SHOULD NOT BE HELD IN CONTEMPT AND
PLAINTIFF'S MOTION FOR STAY OF JUDGMENT**

THIS CAUSE came to be heard on April 25, 2019 on Defendants' Motion to Enforce

Judgment and Injunction or Show Cause Why Plaintiff Should Not Be Held in Contempt and on

Plaintiff's Motion for Stay of Judgment.  The Court having considered the motions and related

filings, having heard argument of counsel, and being otherwise duly advised in the premises,

IT IS ORDERED AND ADJUDGED as follows:

1.      Defendants' Motion to Enforce Judgment and Injunction or Show Cause Why

Plaintiff Should Not Be Held in Contempt is GRANTED.

2.      Plaintiff Jeff Hefner is hereby ordered to deliver to Defendant Island Coastal

Charters, LLC ("ICC") all property belonging to ICC within Mr. Hefner's possession, custody, or

control as follows:

    a.  Mr. Hefner is directed to deliver to ICC the Cherokee 180, Waco, and Cherokee

        VI aircrafts, as well as any of the other six (6) aircrafts described in this Court's

February 14, 2019 Final Judgment within his possession, custody, or control, within thirty (30) days of April 25, 2019.

b. Mr. Hefner is directed to deliver to ICC all of ICC's books, records, and logbooks, including the books, records, and logbooks of each of the "Original Companies" owned by ICC (i.e., FlyingTigers Aviation, Inc./LLC, View From Above, Inc./LLC, Florida Barnstormers, Inc./LLC, and Old Pelican Aero, Inc./LLC), within ten (10) days of April 25, 2019.

c. Mr. Hefner is directed to deliver to ICC all other physical property belonging to ICC or the Original Companies, including the two golf carts described in the April 24, 2019 Affidavit of Robert McBride, within twenty (20) days of April 25, 2019.

3. Mr. Hefner is directed to immediately remove any and all existing advertisements for the sale of any ICC property, including the Cherokee 180, Waco, Cherokee VI, and any of the other six (6) aircraft described in this Court's Final Judgment, and is further enjoined from selling, attempting to sell, finalizing any pending sale, advertising for sale, transferring, encumbering, or otherwise alienating same and/or any other property belonging to ICC or the Original Companies.

4. To the extent Mr. Hefner has already sold or transferred any of the six (6) aircraft listed in this Court's Final Judgment to third parties, he is directed to take all necessary actions to preserve those aircraft and ensure their delivery to ICC, including notifying the third parties of this Order and of their duty to preserve the aircraft. To the extent those aircraft cannot be preserved or produced to ICC due to the past sale or transfer by Mr. Hefner, Mr. Hefner is directed to preserve the proceeds collected from any such sale, or the cash value of the aircraft as set forth in the Final Judgment, for delivery to ICC.

2

5.      Any third party in possession of any of the six (6) aircraft described in this Court's Final Judgment, and/or any other property of ICC, are hereby enjoined from selling, transferring, encumbering, or otherwise alienating the aircraft or other property pending further order of this Court.  Any third party claiming an interest in any of the property directed to be returned to ICC in this Order shall have thirty (30) days to notify this Court of their claim.

6.      Mr. Hefner is hereby placed on notice that failure to abide by this Order in any way will be grounds for contempt.

7.      It is further ordered that Plaintiff's Motion for Stay of Judgment is GRANTED IN PART AND DENIED IN PART.

8.      The $24,817.35 monetary award set forth in the Final Judgment shall be stayed pending appeal upon the posting by Mr. Hefner of a good and sufficient bond "equal to the principal amount of the judgment [$24,817.35] plus twice the statutory rate of interest on judgments." Fla. R. App. P. 9.310(a)(1).  The remainder of the Final Judgment, including the non-monetary forms of relief awarded, shall not be stayed.  If Mr. Hefner fails to post a good and sufficient bond pursuant to this Order, then the Final Judgment shall not be stayed in any way and will remain subject to execution in full.

DONE AND ORDERED in Chambers at Viera, Brevard County, Florida this 1st day of

_____May_____, 2019.

_____
HONORABLE CHARLES ROBERTS
CIRCUIT JUDGE

Copies to:

Blake Stewart, Esquire
Michael O'Brien, Esquire
Claudia Pastorius, Esquire
Aaron D. Lyons, Esquire
Ryan D. O'Connor, Esquire

3